UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.06-22730-CIV-GOLD/WHITE

**CLOSED CIVIL CASE**

**ALFRED WAYNE LEE,**

    Petitioner,

v.

98-117-CR-GOLD

**UNITED STATES OF AMERICA,**

    Respondent.

_____/

### ORDER AFFIRMING REPORTS OF MAGISTRATE JUDGE [DE # 4 & 7] AND CLOSING CASE

**THIS CAUSE** is before the Court upon the Reports of Magistrate Judge White **[DE # 4 & 7]** issued on November 17, 2006 **[DE # 4]** and January 10, 2007 **[DE # 7]**.

The *pro-se* Petitioner, Alfred Wayne Lee, filed a Motion for Relief from Judgment pursuant to Rule 60(b) in Case No. 03-21738-CIV-GOLD on November 8, 2006. The Clerk of Court docketed Petitioner's Rule 60(b) as a Motion to Vacate pursuant to 28 U.S.C. § 2255 and opened a new case.

The relevant facts of this case are as follows. On October 19, 1998, a jury found Petitioner guilty of possession of a firearm after having previously been convicted of a felony in violation of 18 U.S.C. § 922(g)(1). On February 5, 1999, the district court sentenced Petitioner to 210 months imprisonment to be followed by three years supervised release. On April 13, 2000, the Eleventh Circuit affirmed both Petitioner's conviction and sentence in a published opinion. *United States v. Lee*, 208 F.3d 1306 (11th Cir. 2000).

On June 26, 2003, Petitioner filed a "Petition for Writ of Habeas Corpus Ad Subjiciedum to Vacate Conviction and Sentence Pursuant to Requirement of 28 U.S.C. § 2241 and Motion in Request for Emergency Relief Via an Immediate Release from Custody Due to Fact that Petitioner is Actually Innocent of Having Violated 18 U.S.C. § 922(g)(1)." On July 10, 2003, Magistrate Judge White issued an Order requiring Petitioner to explain why his Petition was not-time barred. Petitioner filed several Motions seeking

1

the appointment of counsel and extensions of time. Additionally, Petitioner objected to the designation of the Petition as a Motion filed pursuant to 28 U.S.C. § 2255, rather than pursuant to 28 U.S.C. § 2241. Magistrate Judge White denied all of these Motions. On October 18, 2003, Petitioner responded in a filing, entitled "Memorandum of Petitioner in Response to Order Regarding Limitations Period Pursuant To 28 U.S.C. § 2255 and Memorandum in Support of the Fact That The Impediment to Making Same Motion Which Was Created by Government Action And Which Prevented Petitioner from Making this Motion, Was Removed on July 10, 2003." In this filing, Petitioner conceded that his initial Petitioner was wrongly designated as a § 2241 Petition and stated that his Petition was properly classified as his first § 2255. In that Memorandum, Petitioner stated:

> On July 10, 2003, when the court characterized the Petitioner's § 2241 habeas corpus petition as more properly filed pursuant to 28 U.S.C. § 2255, it finally removed the government impediment to doing so which he had encountered in the federal courts.

On November 7, 2003, Magistrate Judge White issued a Report recommending that the case be dismissed as time-barred. Petitioner filed an Objection and Respondent filed a Response. On December 22, 2003, I adopted the Report and closed that case. Thereafter, Petitioner filed a Motion for Reconsideration. I issued an Order denying the Motion for Reconsideration. Petitioner filed a Notice of Appeal, which was treated as a Motion for Certificate of Appealability and that Motion was denied. Petitioner persisted in his appeal and on May 25, 2004, the Eleventh Circuit dismissed the appeal because the Motion for Certificate of Appealability was again denied. Thereafter, Petitioner filed a long series of Motions attacking his sentence. These Motions were assigned new case numbers.

On November 6, 2006, Petitioner filed his "Motion Pursuant to Rule 60(b)(6) for

Relief from Judgment" in Civil Case No. 03-21738-CIV-GOLD. Upon receipt of Petitioner's Rule 60(b) Motion, the Clerk of Court docketed a new cause of action, and characterized the Motion as one for relief pursuant to 28 U.S.C. § 2255. On November 17, 2006, Magistrate Judge White reviewed the Motion and determined that Petitioner was filing a new Petition for relief pursuant to 28 U.S.C. 2255 and was trying to avoid the procedural bars to filing a second or successive 2255 Petitions **[DE # 3]**. Thereafter, Magistrate Judge White recommended that Petitioner's Petition should be dismissed for failure to receive authorization from the Eleventh Circuit to file a successive 2255 Petition **[DE # 4]**. On November 24, 2006, Petitioner filed a "Motion Pursuant To Rule 5.1(b) Of The Federal Rules Of Civil Procedure To Set Aside, Suspend, Or Void 18 U.S.C. § 922(g)(1) Due To The Fact That This Statute Serves To Define And Is Applied To Persons Who Are Considered To Be Felons In An Unequal And Discriminatory Manner Which Clearly Violates The Due Process And Equal Protection Clauses Of The United States Constitution.[1]" **[DE # 5]**. I referred this Motion to Magistrate Judge White, and, on January 10, 2007, Magistrate Judge White issued a second Report, recommending that the Motion be denied and again recommending that this Petition and the case be dismissed **[DE # 7]**.

Petitioner's current Motions **[DE # 1 & 5]** fail for several reasons. First, Petitioner's

---

[1] I note that Magistrate Judge White did not address the merits of Petitioner's Rule 5.1 Motion. However, Rule 5.1 does not create a new or separate cause of action or basis of relief. Instead, Rule 5.1 of the Federal Rules of Civil Procedures requires that if a party is making a constitutional challenge and the United States is not a party to the suit, the party and the Court must inform the Attorney General via Rule 5.1 in order to allow the United States the option to intervene. However, this Rule does not apply in this case because the United States is already a party to this case. I find no error in Magistrate Judge White's re-characterization of Petitioner's Rule 5.1 Motion as a Section 2255 Petition in this case.

3

current Motions which attack his sentence were properly re-characterized as § 2255 Petitions and are untimely as well as successive.[2] Second even if I were to assume that Petitioner's Motions were timely and not successive, Petitioner's arguments contained in his most recent filings lack merit. Third even if I were to assume that Petitioner's current Motions and the Motion filed in 2003 should be considered § 2241 Petitions such Petitions would be dismissed for lack of jurisdiction.

In the current Rule 60(b)(6) Motion which was properly re-characterized as a § 2255 Petition, Petitioner argues that his original Petition for relief should not have been dismissed as time-barred because the Petition raised a claim that the federal courts lacked jurisdiction to convict him and that jurisdictional defects can be raised at any time-even beyond the time constraints governing § 2255 proceedings. Also, Petitioner argues that his original Petition filed in 2003 was meant to be a § 2241 Petition. On all of these points, I disagree.

It is also well-established that a Petitioner's Rule 60(b) Motion to reopen the judgment of conviction can be regarded as a second or successive application for purposes of the Antiterrorism and Effective Death Penalty Act (AEDPA). A prisoner may not be entitled to evade the restrictions of filing a successive Petition by filing a Rule 60(b) Motion. *See Gonzalez v. Secretary for the Department of Corrections*, 366 F.3d 1253 (11th

---

[2] This Petition attacks Petitioner's conviction and, therefore, it was properly re-characterized as a § 2255 Petition by Magistrate Judge White. Specifically, Petitioner is challenging the validity of his conviction, not merely the means by which the Bureau of Prisons is carrying out Petitioner's sentence. Thus, the substance of Petitioner's current Petition falls within the ambit of § 2255, not § 2241.

Cir. 2004). As I stated above, Petitioner previously conceded that his filing in 2003 was a § 2255 Motion. Thus on its face, this successive appeal which is labeled as a Rule 60(b)(6) is barred by the one year statute of limitations provided by 28 U.S.C. § 2255. If the Petitioner intends to pursue this case, he should apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. § 2244(b)(3)(A).

While Petitioner's current Rule 60(b)(6) which was re-characterized as a Section 2255 Petition is both untimely and successive, I also examined the merits of this Petition. Petitioner argues that he is asserting a jurisdictional claim that cannot be procedurally defaulted and is not subject to the AEPDA's statute of limitations. To summarize, Petitioner argues that the district court which adjudicated and sentenced him lacked jurisdiction.

As a preliminary matter, Petitioner raised this jurisdictional claim during his direct appeal and this specific challenge to his conviction was denied by the Eleventh Circuit. In the current Rule 60(b)(6) Motion, Petitioner challenges his conviction because according to Petitioner, he did not possess the shotgun "in and affecting interstate commerce" because the firearm had "come to rest" in the State of Florida. Moreover, Petitioner argues that the testimony regarding the interstate contact was "inadequate;" that his conviction was in violation of due process; that he was "actually, factually, and legally innocent;" that the coordination of efforts between the State and federal authorities and his federal prosecution violated the Tenth Amendment and the Commerce Clause; and that his "universal rights as a Citizen of the World" were violated by his conviction. However, Petitioner's interpretation of 18 U.S.C. § 922(g)(1) is misplaced. It is well established that

5

all that is required to satisfy the "in or affecting commerce" element of 18 U.S.C. § 922(g)(1) is a "minimal nexus to interstate commerce." See *United States v. Scott*, 263 F.3d 1270, 1274 (11th Cir. 2001). To effectuate a constitutional conviction under § 922(g)(1), requires the government to demonstrate that the firearm possessed by Petitioner traveled in interstate commerce. *see also United States v. Reynolds*, 215 F.3d 1210, 1215 (11th Cir.2000) (per curiam); *United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir.1998). In this case, there was testimony at trial that the firearm that Petitioner possessed was manufactured in Connecticut and was possessed by Petitioner in Florida.[3] This is sufficient evidence to prove the "minimal nexus to interstate commerce," to find Petitioner guilty of the offense charged. Petitioner's other arguments also lack merit.

Even if I were to assume that the original Motion filed in 2003 which was re-characterized as a § 2255 should have been treated as a 28 U.S.C. § 2241 Motion, I would have dismissed such a Petition for lack of jurisdiction.[4] A Section 2241 Petition should be

---

[3] In his original Petition, Petitioner argued that he was "actually innocent" of the charged crime. However, the facts of this case demonstrate that he was neither "factually" or "legally innocent." "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614 (1998). However, post-trial, Petitioner conceded his guilt and even provided a written statement for acceptance of responsibility that reads: "I possessed a firearm which traveled through Interstate Commerce." (PSI, ¶ 3). Therefore, Petitioner admitted that all elements of 18 U.S.C. § 922(g)(1) were satisfied. Thus, Petitioner cannot now argue that he is "actually innocent." Likewise, I conclude that Petitioner is not "legally innocent" of the crime for which he was convicted.

[4] Generally, a § 2241 Petition is used to challenge the manner in which a sentence is executed. See *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (citation omitted). Alternatively, a Petition filed pursuant to § 2255 is the primary means by which a Petitioner may attack the validity of her conviction or sentence. However, under the "savings clause" of § 2255, a petitioner may file a § 2241 Petition if she can demonstrate that an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of her

directed to the warden of the facility where the Petitioner is housed.  Petitioner is currently housed in the Federal Correctional Institution in Jesup, Georgia, which is located in the Southern District of Georgia.  The Eleventh Circuit *United States v. Plain*, 748 F.2d 620, 621 n.3 (11th Cir. 1984) has previously held that jurisdiction is only proper in the district of confinement.  Additionally, I lack jurisdiction to hear a claim under Section 2241 because Petitioner failed to exhaust his administrative remedies.  In this case, Petitioner fails to allege that he has even begun the administrative exhaustion process, much less that he has completed it.  For these reasons, even if I were to assume that Petitioner's current Petition or previous Petitions were based on Section 2241, such relief would fail as well.  Thus for the reasons stated above, the relief sought in Petitioner's current Motions fail.  For the above reasons,

It is **ORDERED AND ADJUDGED**:

1.  Petitioner's "Motion to Vacate, Set Aside, or Correct Sentence" is DENIED **[DE # 1]**.

2.  Petitioner's "Motion Pursuant to Rule 5.1(b) of the Federal Rules of Civil

---

detention. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir.2003); *see also Wofford v. Scott*, 177 F.3d 1236, 1238 (11th Cir.1999).  The savings clause applies when (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court decision established that the Petitioner was convicted for an offense that is now nonexistent; and (3) circuit court law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion. *Sawyer*, 326 F.3d at 1365 ( citing *Wofford*, 177 F.3d at 1244).  All three criteria must be satisfied in order for a petitioner to proceed under the savings clause. *Flores v. McFadden*, 152 Fed.Appx. 913, 914 (11th Cir.2005).  The burden of demonstrating inadequacy or ineffectiveness of a § 2255 Petition rests on Petitioner. *Jeffers*, 253 F.3d at 830.  Having reviewed Petitioner's arguments, I conclude that Petitioner is not able to satisfy the elements of the saving clause.

Procedure to Set Aside, Suspend or Void 18 U.S.C. § 922(g)(1) Due To The Fact That This Statute Serves To Define And Is Applied To Persons Who Are Considered to Be Convicted Felons In An Unequal And Discriminatory Manner Which Clearly Violates The Due Process And Equal Protection Clauses Of The United States Constitution" **[DE # 5]** is DENIED.

3. Magistrate White's Reports **[DE # 4 & 7]** are **AFFIRMED AND ADOPTED**.

4. If the Petitioner intends to pursue this case, he should apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. § 2244(b)(3)(A) to file a successive § 2255 Petition.

5. The Clerk of the Court is directed to CLOSE this matter. Any outstanding Motions are DENIED as moot and all dates are CANCELLED.

**DONE AND ORDERED** in Chambers at Miami, Florida, this ___ day of April 2007.

THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT COURT JUDGE

**Copies furnished to:**
Magistrate Judge White
All Counsel of Record

**Alfred Wayne Lee** [via U.S. mail]
58117-004
Federal Correctional Institution
2600 Highway 301, South
Jesup, GA 31599

8